UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN, Jr., | No. 2:24-cv-02743-TLN-SCR |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| DPSS PUBLIC SOCIAL SERVICES, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, filed a complaint and has paid the filing fee. ECF No. 1. This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Review of the complaint reflects that this action was filed in the improper venue. Additionally, more than 90 days have passed since the filing of this action and no return of service is on file. Accordingly, Plaintiff shall show cause why the action should not be dismissed or transferred to the Central District of California.

**I. Venue**

Plaintiff filed his complaint on October 4, 2024. ECF No. 1. The caption of the complaint states "Central District of California." *Id.* at 1. Plaintiff lists his address as Los Angeles, California. *Id.* Plaintiff also lists Los Angeles area addresses for all of the Defendants. *Id.* at 2-3. Plaintiff appears to allege wrongdoing and theft in regard to public funds for social services agencies.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, it appears the Defendants reside in Los Angeles, as does the Plaintiff. Further, it appears that the events or omissions giving rise to the claim allegedly occurred in Los Angeles. As the Defendants have not appeared and have not waived a challenge to venue, the Court may raise the issue sua sponte. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court may dismiss it or, in the interests of justice, transfer it to a district where it could have been brought. *Id.* citing 28 U.S.C. § 1406(a).

**II. Service**

Plaintiff filed this action on October 4, 2024. ECF No. 1. Summons issued on October 7, 2024. ECF No. 4. Federal Rule of Civil Procedure 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." More than 90 days have passed since the filing of the complaint and Plaintiff has not filed a return/proof of service.

Accordingly**, IT IS HEREBY ORDERED** that:

1. Plaintiff shall show cause, in writing, **within 14 days** of the date of this Order, why this action should not be dismissed/transferred based on improper venue or dismissed based on failure to effect service. Plaintiff shall address both the issue of venue and issue of service. If Plaintiff fails to respond, the court will recommend dismissal of the action.

2

2. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: July 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3